IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01191-WDM-KMT

DAWN GRADY,

    Plaintiff,

v.

JEFFERSON COUNTY BOARD OF COUNTY COMMISSIONERS,
JEFFERSON COUNTY SHERIFF TED MINK, in his individual and official capacities,
JEFFERSON COUNTY SHERIFF'S DEPARTMENT CHIEF DAVID WALCHER, in his individual and official capacities,
DEPUTY JENNIFER GARNETT, in her individual and official capacities, and
NURSES JANE DOES 1 and 2,

    Defendants.

---

**ORDER**

---

This matter is before the court on "Jefferson County Defendants' Motion to Enforce Protective Order [Doc. No. 88, filed January 11, 2008]. Attached to the motion were portions of deposition transcripts and documents contained in personnel files submitted under seal, which the court has considered. [Doc. No. 89] The plaintiff filed "Plaintiff's Response to Jefferson County Defendants' Motion to Enforce Protective Order" ("Rsp." [Doc. No. 94, filed January 31, 2008]) and Defendants replied on February 14, 2008 [Doc. No. 99].

**Issue:**

Defendants seek to hold certain portions of deposition transcripts and the entire contents of the personnel files for Deputy Sheriffs Jennifer Garnett, Kyle Van Ocker and Cindy Murray confidential pursuant to a Stipulated Protective Order entered in this case on November 29, 2007. [Doc. No. 70]. The plaintiff argues against certain of those designations. Specifically:

(1) The defendants have designated the following sections of Deputy Sheriff Jennifer Garnett's deposition testimony as confidential and covered by the protective order: (listed by page number:line number) 7:11; 7:15; 7:17; 10:1 - 12:18; and 18:2 - 28:12. The plaintiff has objected to confidential designation of: 7:11; 7:15; 10:1 - 12:18; 18:2 - 21:23; and 24:16 - 28:12;

(2) The defendants have designated the following sections of Deputy Sheriff Kyle Van Ocker's deposition testimony as confidential and covered by the protective order: 6:6 and 10:8 - 21:13. The plaintiff has objected to confidential designation of: 10:8 - 20:6 and 20:16 - 21:13;

(3) The defendants have designated the following sections of Deputy Sheriff Cindy Murray's deposition testimony as confidential and covered by the protective order: 5:17; 8:23 - 10:19; 16:14 - 18:1; 19:21 - 20:4; 118:3 - 119:14. The plaintiff has objected to designation of: 5:17; 16:14 - 18:1; and 118:3 - 119:14; and

(4) The defendants have designated as confidential the complete personnel files of Deputy Sheriffs Jennifer Garnett, Kyle Van Ocker, and Cindy Murray as confidential. The plaintiff has argued that certain numbered pages contained within the files should not be protected: (expressed by Plaintiff by the sequential discovery numbers appearing on Exhibit A-4,

2

Doc. No. 69, under seal)[1]: JCSO 722, 728, 729, 731, 736, 739, 741 and 751; JCSO 755, 758 and 759; JCSO 940, 942, 943 and 944; JCSO 1061, 1063-65 and 1086; JCSO 714, 716, 720 and 726; JCSO 961, 995-96, and 1029.

**Legal Analysis**

Fed. R. Civ. P. § 26(c) provides that a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Rule 26(c) is broader in scope than the attorney work product rule, attorney-client privilege and other evidentiary privileges because it is designed to prevent the process of discovery from causing annoyance, embarrassment, oppression, and undue burden or expense, not just to protect confidential communications. *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 -830 (10th Cir. 1995).

Recognizing that pursuant to Fed. R. Civ. P. 26(c), certain evidence in this case would be sensitive, the parties stipulated to and the court granted, a protective order. The question now raised involves whether the protective order is applicable to certain specific documents and testimony.

---

[1]The plaintiff has listed the sequentially numbered pages within Exhibit A-4 in several locations in the Response and argued in a general way that documents in a given category, as exemplified by the pages listed, do not require confidentiality protections. There was no one location where the plaintiff listed all the pages of the personnel files requested to be outside the confines of the protective order. Since plaintiff stated, "Plaintiff indicated agreement with the fact that some information contained in the personnel files is confidential . . ." (Rsp. at 4), it is unclear to the court if plaintiff is objecting to all of the listed page numbers appearing in her response, or merely citing to pages as a reference.

Questions of discovery in federal civil rights legislation are properly governed by federal law. *See* Fed. R. Evid. 501. Federal courts have recognized that police officers have "constitutionally-based privacy interests in personal matters contained within their police files." *Mason v. Stock*, 869 F.Supp. 828, 833 (D.Kan. 1994). Further, police officers have a fundamental constitutional interest in preventing the release of personal information contained in their personnel files where such disclosure creates a substantial risk of serious bodily harm. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1062 -1063 (6th Cir. 1998)

In *Kallstrom*, three undercover police officers sued the City of Columbus because it released their personnel files to the attorney representing members of a violent gang. During the defendants' criminal trials, it became apparent the information contained in the files had been disseminated to them. *Id.* at 1059. The officers brought suit, and on appeal from a grant of summary judgment the *Kallstrom* court held the city's practice of releasing undercover police officers' personnel files under such circumstances created a "constitutionally cognizable 'special danger,' giving rise to liability under § 1983." *Id.* at 1067. In *Kallstrom,* the court recognized that releasing the officers' personal information substantially increased their "vulnerability to private acts of vengeance." *Id. See also, Hart v. City of Little Rock*, 432 F.3d 801, 808 -809 (8th Cir. 2005).; *McGee v. City of Chicago* 2005 WL 3215558, *2 (N.D.Ill. 2005) (unpublished) (Police officers have a legitimate expectation of privacy concerning their personnel files, which often contain social security number, driver's license number, residential address and contact information, financial information, names of family members, names of insurance beneficiaries, wage information, and other private matters); *Knoll v. American Telephone & Telegraph Co.,*

4

176 F.3d 359, 365 (6th Cir. 1999) (noting personnel files might contain "highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages) and other work-related problems unrelated to plaintiff's claim).

    A.    **Personnel Files**

Public disclosure of private information contained in personnel files can cause, especially for law enforcement officers, unnecessary annoyance and embarrassment and is likely to unfairly and gratuitously invade their privacy when the information has no probative or evidentiary value. Moreover, the public has little interest in learning the personal and family information of police officers such as the ones in this case because this personal information has no bearing on officers' performance of their public duties. Most importantly, as noted *infra*, disclosure of personal and family information about police officers could threaten the safety of the police officers and their families. Unique to police officers, disclosure of personal information may cause information to fall into the hands of persons likely to seek revenge upon the officers for their involvement in arrests or other adverse consequences on persons prosecuted for criminal violations. Releasing information which could be used to allow access to such knowledge as the location of an officer's child's school or spouse's place of employment or other similar information could have devastating consequences not usually visited upon the average citizen.

Plaintiff's only stated reason for wanting to remove the confidentiality designation for information within the personnel files is that she does not want to have to file documents under

5

seal. The court is not impressed with the argument that a motion to file a document under seal might not be granted, since the existence of a protective order, together with this order, would likely supply the "compelling reason" sufficient to support the filing of a document under seal, at least in the first instance. Having to take the extra step to file an exhibit under seal impresses the court as a very small inconvenience compared with the substantial risk of potential harm to a police officer and/or his family members. It is important to the court's analysis that the plaintiff <u>is not being denied access to the material</u>; the confidentiality restraints discussed as part of this order only prohibit dissemination of the information to third parties. Among the historic liberties long cherished at common law was the right to be free from "unjustified intrusions on personal security." *Ingraham v. Sright,* 430 U.S. 651, 673 (1977). The court, therefore finds that good cause exists to enter a protective order prohibiting the public disclosure of the contents of the personnel files in this case. (Doc. No. 69, Exhibit A-4)

### B.  Deposition Testimony

With respect to deposition testimony, however, the plaintiff certainly has a right and interest in developing testimony which could be used to prove the plaintiff's claims and to impeach the officers' testimony.

Pursuant to Fed. R. Civ. P. 26(b)(1), the parties may obtain discovery of "any matter relevant to the subject matter involved in the action." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Some of the information which is contained in the personnel records of the

police officers was inquired about during the deposition.  Both parties are in general agreement that the personal information, as discussed above, should be subject to the protective order previously entered in the case.

As to certain other information, though, the defendants argue that since the genesis of the knowledge used to formulate certain deposition questions came as a result of the plaintiff's review of the protected personnel files, that information should also be subject to protection.  The court disagrees that just because documentary information is contained in the protected personnel files of the subject officer, protection is necessarily thereafter required for testimony about that information.  A good example of testimony which, under the facts and circumstances of this case, should not be subject to confidentiality protections, is the employment history and the training of the officers.  It may be very relevant to the plaintiff's case exactly how much training and experience the sheriff's deputies had prior to the incident at issue in this case, what kind of employment he or she had before joining the Jefferson County Sheriff's Office, and how much education that officer has.  This kind of information is highly likely to be admissible at trial.   This is also the kind of information about which a questioner at a deposition would likely have inquired even if the attorney had no opportunity to have reviewed any personnel file.  This kind of background information is not likely to be annoying, embarrassing or oppressive. The mere fact that the information is also in the personnel file, does not mean that the testimony about such matters should be subject to a protective order.

On the other hand, information about personal experiences having nothing to do with employment, education or training in a sheriff deputy's long ago past is likely to be annoying, embarrassing and oppressive to the officer and is very likely to be completely irrelevant and inadmissible at trial. Further, the questioner is unlikely to have had a good faith basis to ask personal questions of the type at issue in these depositions in the first place had the attorney not been privy to the officer's file with its required security disclosures.

Wherefore, the court ORDERS:

Jefferson County Defendants' Motion to Enforce Protective Order [Doc. No. 88] is GRANTED in part:

1. Documents contained in the personnel files of: Deputy Sheriff Jennifer Garnett, (Referred to as Exhibit 1 by the parties; attached as Exhibit A-4 to the Motion under seal); Deputy Sheriff Kyle Van Ocker, (Referred to as Exhibit 35 by the parties; attached as Exhibit A-4 to the Motion under seal); and Deputy Sheriff Cindy Murray, (Referred to as Exhibit 52 by the parties; attached as Exhibit A-4 to the Motion under seal) are and will be covered in full by the Stipulated Protective Order in this case and will retain their confidential designation with respect to disclosure until further order of the court.

2. The following contested sections of Deputy Garnett's deposition, in addition to any stipulated portions, will be subject to the protective order and treated as confidential information: **7:11; 7:15; 7:17; 10:1 - 12:18; 21:24 - 24:15; and 25:23 - 28:12.** To the extent any documents from "Exhibit 1" (personnel file) were referenced within the portions of the

testimony now ruled non-confidential, the documents retain their protected character as part of the personnel file.

3. The following contested sections of Deputy Van Ocker's deposition, in addition to any stipulated portions, will be subject to the protective order and treated as confidential information: **6:6 and 10:8 - 14:11.** To the extent any documents from "Exhibit 35" were referenced within the portions of the testimony now ruled non-confidential, the documents retain their protected character as part of the personnel file.

4. The following contested sections of Deputy Murray's deposition, in addition to any stipulated portions, will be subject to the protective order and treated as confidential information: **5:17; 8:23 - 10:19; 19:21 - 20:4; 118:3 - 119:14.** To the extent any documents from "Exhibit 52" were referenced within the portions of the testimony now ruled non-confidential, the documents retain their protected character as part of the personnel file.

Dated this 3rd day of March, 2008.

BY THE COURT:


s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge